# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81402-BLOOM/Reinhart

METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

NANCY PREWITT and GILDA RIZZI,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before this Court on Plaintiff's Motion to Deposit Funds, ECF No. [28] and Plaintiff's Motion for Default Judgment Against Defendant Rizzi, ECF No. [29] (the "Motions"). Having considered the Motions, the record in this case, and being otherwise fully informed as to the premises, Plaintiff's Motion to Deposit Funds is granted and Plaintiff's Motion for Default Judgment Against Defendant Rizzi is granted in part and denied in part.

## I.    BACKGROUND

This case arises from a dispute among potential beneficiaries to a $23,164.00 life insurance policy. Roy Prewitt ("Decedent") was enrolled through his employer General Electric ("GE") in Basic Life Insurance coverage funded through an insurance policy issued by Plaintiff Metropolitan Life Insurance Company ("MetLife"). On May 3, 2002, Decedent executed a beneficiary designation naming Defendant Gilda Rizzi ("Rizzi") as the primary beneficiary for all GE Benefit Plans, including Basic Life Insurance. Decedent married Defendant Nancy Prewitt ("Prewitt") on October 30, 2003. On November 7, 2003, Decedent executed a second beneficiary designation

naming Prewitt as the primary beneficiary for three GE benefit plans but did not check the box for the Basic Life Insurance plan.

Decedent died on January 11, 2019. Shortly thereafter Rizzi filed a claim for life insurance benefits. Prewitt contacted MetLife and contested that Rizzi was the proper beneficiary. MetLife filed the instant Complaint for Interpleader on October 17, 2018. On February 19, 2019, the Clerk entered a default as to Defendant Rizzi for failure to respond to the Complaint or otherwise appear in this action. *See* ECF No. [27]. On February 22, 2019, Plaintiff filed the Motion to Deposit Funds requesting that the Court authorize and direct Plaintiff to deposit the sum of $23,164.00, plus any applicable interest (the "Disputed Benefits"), into the Registry of the Court. That same day, Plaintiff also filed the Motion for Default Judgment Against Defendant Rizzi requesting that Rizzi be enjoined from instituting or prosecuting any action against MetLife, GE, or the GE Basic Life Insurance Plan for recovery of the Basic Life Insurance Benefits by reason of the death of Decedent and that MetLife, GE and the GE Basic Life Insurance Plan be fully and finally discharged from all further liability as to Rizzi for any and all claims for the Basic Life Insurance benefits.

## II.    MOTION TO DEPOSIT FUNDS

"Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1); *see State of Texas v. State of Florida,* 306 U.S. 398, 412 (1939) (declaring that "the relief sought [in an interpleader action] is the avoidance of the burden of unnecessary litigation or the risk of loss by the establishment of multiple liability when only a single obligation is owing. These risks are avoided by adjudication in a single litigation binding on the parties."); *Gelfgren v. Republic Nat. Life Ins. Co.,* 680 F.2d 79, 81 (9th Cir. 1982). A third party payor, or stakeholder, should not be

forced to risk guessing as to which claimant is entitled to collect payable proceeds. *John Hancock Mut. Life Ins. Co. v. Kraft,* 200 F.2d 952, 953 (2d. Cir.1953) (internal citations omitted) ("The stakeholder should not be obliged at its peril to determine which of two claimants has the better claim."). If the relief sought in an action includes money, a party—with leave of court and on notice to all other parties—may deposit the funds with the court. Fed. R. Civ.P. 67(a); *see also* Wright, Miller & Marcus, Federal Practice and Procedure § 2991 (2d ed. 1997) ("The purpose of the deposit is to relieve the depositor of responsibility for a fund in dispute. It is useful in cases of interpleader.").

Here, Defendants Prewitt and Rizzi have competing clams to the Basic Life Insurance Benefits. Accordingly, Plaintiff is permitted to deposit the funds into the Court's Registry to avoid "fac[ing] competing claims for the judgment amount and … to protect itself from multiple liability." *Klayman v. Judicial Watch, Inc.*, 650 F. App'x 741, 743–44 (11th Cir. 2016).

### III.     MOTION FOR DEFAULT JUDGMENT

The procedure governing entry of default and default judgment is found in Fed. R. Civ. P. 55, which provides in pertinent part, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the clerk must enter the party's default. Default judgment may be entered by the Court pursuant to Fed. R. Civ. P. 55(b)(2). The Clerk entered Rizzi's default on February 19, 2019. Rizzi has indeed failed to answer or otherwise respond to the Complaint. Since Rizzi has "failed to plead or otherwise defend," the Court finds default judgment is warranted.

By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). In addition, Rizzi, by failing to answer or otherwise defend her

stake in the interpleader claim, forfeits any claim of entitlement that she might have asserted. *See SunLife Assur. of Canada (U.S.) v. Conroy,* 431 F. Supp.2d 220, 226 (D.R.I. 2006) ("[a] named interpleader defendant who fails to answer the interpleader complaint and assert a claim to the *res* forfeits any claim of entitlement that might have been asserted"); *Skidmore v. Boilermaker-Blacksmith Nat'l Pension Trust,* No. 1:08-CV-45, 2009 Wl 1362067 at * 5 (E.D. Tenn. May 13, 2009) (finding that defendant's "default, as the result of her failure to respond to the interpleader complaint, forfeits any claim by [defendant] as a surviving child"); *Fed. Ins. Co. v. Adams,* No. 05-cv-00965-MSK-CBS, 2007 WL1456103 at *7 (D. Colo. May 15, 2007) ("[a] default judgment entered against an interpleader defendant thus terminates that party's interest in the fund at issue").

Based on the foregoing, Plaintiff is discharged from all further liability as to Rizzi for any and all claims for the Basic Life Insurance benefits resulting from Decedent's death. However, as to GE and the GE Basic Life Insurance Plan, Plaintiff has failed to provide any authority pursuant to which the Court may discharge those nonparties from any further liability. Therefore, Plaintiff's request to discharge GE and the GE Basic Life Insurance Plan from further liability as to Ms. Rizzi is denied.

Additionally, Plaintiff has requested that Ms. Rizzi be enjoined from instituting or prosecuting any action or proceeding against MetLife, GE, or the GE Basic Life Insurance Plan for recovery of the BLI Benefits plus any applicable interest, by reason of the death of Roy E. Prewitt. Plaintiff's request is denied. "[W]hen a restraining order is sought in a Rule 22 interpleader action, courts typically apply the standards of 28 U.S.C. § 2283 and Fed. R. Civ. P. 65 to determine whether an injunction is appropriate." *Genworth Life Ins. Co. v. Reyes*, No. 12-20959-CIV, 2013 WL 12140965, at *2 (S.D. Fla. Jan. 4, 2013*), report and recommendation*

*adopted sub nom. Genworth Ins. Co. v. Reyes*, No. 12-20959-CIV, 2013 WL 12141335 (S.D. Fla. Jan. 29, 2013). Here, Plaintiff has not demonstrated that (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. Specifically, Plaintiff has not alleged that it is likely that other actions related to the Basic Life Insurance Plan will be filed in the future or any facts that would establish irreparable harm absent an injunction.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Deposit Funds, **ECF No. [28]**, is **GRANTED.**

2. Plaintiff shall deposit the sum of $23,164.00, plus any applicable interest, into the Registry of the Court on or before **March 25, 2019**.

3. Plaintiff's Motion for Default Judgment Against Defendant Rizzi, **ECF No. [29]**, is **GRANTED in part and DENIED in part**.

4. Pursuant to Fed. R. Civ. P. 58, the Court will separately enter an Order of Default Judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of February, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Case No. 18-cv-81402-BLOOM/Reinhart

Gilda Rizzi
631 Pines Knoll Dr Apt A
Ft. Pierce, FL 34982