METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

NANCY PREWITT and GILDA RIZZI,

    Defendants.
_____/

## ORDER GRANTING MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Metropolitan Life Insurance Company's ("Plaintiff") Motion to Alter/Amend the Default Judgment and/or Motion for Relief From Judgment, ECF No. [41], (the "Motion"), filed on March 19, 2019. The Court has carefully reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

Plaintiff commenced this case by filing its Complaint for Interpleader under Fed. R. Civ. P. 22. ECF No. [1]. This case arises from a dispute among potential beneficiaries to a $23,164.00 life insurance policy. Roy Prewitt ("Decedent") was enrolled through his employer General Electric ("GE") in Basic Life Insurance coverage funded through an insurance policy issued by Plaintiff. On May 3, 2002, Decedent executed a beneficiary designation naming Defendant Gilda Rizzi ("Rizzi") as the primary beneficiary for all GE Benefit Plans, including Basic Life Insurance. Decedent married Defendant Nancy Prewitt ("Prewitt") on October 30, 2003. On November 7, 2003, Decedent executed a second beneficiary designation naming Prewitt as the primary beneficiary for three GE benefit plans but did not check the box for the Basic Life Insurance plan.

1

Decedent died on January 11, 2019. Shortly thereafter, Rizzi filed a claim for life insurance benefits. Prewitt contacted MetLife and contested that Rizzi was the proper beneficiary. MetLife filed the instant Complaint October 17, 2018. On February 19, 2019, the Clerk entered a default as to Rizzi for failure to respond to the Complaint or otherwise appear in this action. *See* ECF No. [27]. On February 22, 2019, Plaintiff filed the Motion to Deposit Funds requesting that the Court authorize and direct Plaintiff to deposit the sum of $23,164.00, plus any applicable interest (the "Disputed Benefits"), into the Registry of the Court. That same day, Plaintiff also filed the Motion for Default Judgment Against Defendant Rizzi requesting that Rizzi be enjoined from instituting or prosecuting any action against MetLife, GE, or the GE Basic Life Insurance Plan for recovery of the Basic Life Insurance Benefits by reason of the death of Decedent and that MetLife, GE and the GE Basic Life Insurance Plan be fully and finally discharged from all further liability as to Rizzi for any and all claims for the Basic Life Insurance benefits. On February 25, 2019, this Court granted in part and denied in part Plaintiff's Motion for Default Judgment, discharging Plaintiff from liability as to Rizzi for any and all claims for Basic Life Insurance benefits resulting from Decedent's death, but denying Plaintiff's request to discharge GE and the GE Basic Life Insurance Plan from further liability because Plaintiff failed to provide any authority pursuant to which the Court may discharge nonparties from liability. ECF No. [30] (the "Order).

In the instant Motion, Plaintiff seeks reconsideration of the Order, arguing that default judgment should be amended to discharge the GE Basic Life Insurance Plan from further liability as to Rizzi or to declare that Rizzi is precluded from making any further claims for recovery of the BLI benefits under the GE Basic Life Insurance Plan.[1] In its Motion, Plaintiff contends that as a

---

[1] In the Motion, Plaintiff withdraws its request to discharge GE from further liability. ECF No. [41] at 4 n.3.

result of its mistake, inadvertence, or excusable neglect to specify the necessary authority, an error was committed in the entry of default judgment against Rizzi without the discharge of the GE Basic Life Insurance Plan from further liability.

A motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998) (per curiam).

Within this framework, however, a court may grant reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted).

Plaintiff alleges, and Defendant Rizzi admits by default, that Plaintiff is the claim fiduciary. ECF No. [1] ¶ 18. Moreover, § 1132(d) provides that an ERISA plan may sue or be sued as a separate legal entity. The Court concludes that appropriate relief includes a discharge of the GE

Basic Life Insurance Plan from all further liability as to Rizzi for any and all claims for the Basic Life Insurance benefits resulting from Decedent's death.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [41]**, is **GRANTED**. The Court's Order of Default Judgment, **ECF No. [31]**, is amended such that the GE Basic Life Insurance Plan is discharged from all further liability as to Rizzi for any and all claims for the Basic Life Insurance benefits resulting from Decedent's death.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 22, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record