UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81402-BLOOM/Reinhart

METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

NANCY PREWITT and GILDA RIZZI,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before this Court upon Defendant Nancy Prewitt's Motion for Default Judgment on Cross-Claim Against Defendant Rizzi, ECF No. [62] (the "Motion"). Having considered the Motion, Plaintiff's Response, the record in this case, and being otherwise fully advised, the Motion is granted.

### I.    BACKGROUND

This case arises from a dispute among potential beneficiaries to a $23,164.00 life insurance policy. Roy Prewitt ("Decedent") was enrolled through his employer General Electric ("GE") in Basic Life Insurance coverage funded through an insurance policy by Plaintiff Metropolitan Life Insurance Company ("MetLife"). On May 3, 2002, Decedent executed a beneficiary designation naming Gilda Rizzi ("Ms. Rizzi") as the primary beneficiary for all GE Benefit Plans, including Basic Life Insurance. Decedent married Nancy Prewitt ("Mrs. Prewitt") on October 30, 2003. On November 7, 2003, Decedent executed a second beneficiary designation naming Mrs. Prewitt as the primary beneficiary for three GE benefit plans but did not check the box for the Basic Life Insurance plan.

Decedent died on January 11, 2019. Shortly thereafter, Ms. Rizzi filed a claim for life insurance benefits. Mrs. Prewitt contacted MetLife and contested that Ms. Rizzi was the proper beneficiary. MetLife thereafter filed the instant Complaint for Interpleader. ECF No. [1]. On February 11, 2019, Mrs. Prewitt filed a crossclaim against Ms. Rizzi. ECF No. [21]. The Clerk thereafter entered a default as to Ms. Rizzi for failure to respond to the Complaint or otherwise appear in this action. ECF No. [27]. On February 25, 2019, the Court entered Default Judgment against Ms. Rizzi as to Plaintiff's interpleader claim. ECF No. [31]. On March 5, 2019, the Clerk entered a default as to Ms. Rizzi for failure to respond to Mrs. Prewitt's crossclaim. ECF No. [37]. On March 12, 2019, the Clerk filed a Receipt for deposit into the Court registry, in the amount of $23,296.64. ECF No. [38]. Mrs. Prewitt filed the instant Motion on June 21, 2019, seeking default judgment as to her crossclaim against Ms. Rizzi. ECF No. [63].

## II. ANALYSIS

The procedure governing entry of default and default judgment is found in Fed. R. Civ. P. 55, which provides in pertinent part, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," the clerk must enter the party's default. Default judgment may be entered by the Court pursuant to Fed. R. Civ. P. 55(b)(2). The Clerk entered default on Mrs. Prewitt's crossclaim against Ms. Rizzi on March 5, 2019. ECF No. [37]. Ms. Rizzi has indeed failed to answer or otherwise respond to the crossclaim. Since Ms. Rizzi has "failed to plead or otherwise defend," the Court finds default judgment is warranted.

By defaulting, a defendant is taken to admit the well-pleaded allegations of fact in a plaintiff's complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "In an interpleader action in which all but one named interpleader defendant has defaulted, the remaining defendant is entitled to the res." *Valley Forge Life Ins.*

*Co. v. Rockmore*, No. 7:07-cv-0063, 2008 WL 1805450, at *1 (M.D. Ga. Apr. 18, 2008) (citing *Nationwide Mut. Fire, Ins. Co. v. Eason*, 736 F.2d 130, 133 n.4 (4th Cir. 1984); *New York Life Ins. Co.*, 700 F.2d at 95-96; *Sun Life Assur. Co. of Canada v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006)).

Here, Mrs. Prewitt and Ms. Rizzi have competing claims to the life insurance proceeds at issue. Mrs. Prewitt's crossclaim establishes that she is entitled to the proceeds of the life insurance policy at issue. Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [62]**, is **GRANTED**.

2. Nany Prewitt is entitled to recover the full amount of $23,296.64, plus any additional accrued interest, deposited with the Court's registry by Metropolitan Life Insurance Company.

3. Pursuant to Fed. R. Civ. P. 58, the Court will separately enter an Order of Final Judgment.

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 25, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record