UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81402-BLOOM/Reinhart

METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

NANCY PREWITT and GILDA RIZZI,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** is before the Court upon Plaintiff Metropolitan Life Insurance Company's ("Plaintiff") Motion to Re-open Case and for Judgment of Interpleader, ECF No. [67], (the "Motion"), filed on June 28, 2019. The Court has carefully reviewed the Motion, the opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

Familiarity with the background of this case is assumed. On February 25, 2019, the Court granted Plaintiff's Motion for Default Judgment against Defendant Gilda Rizzi ("Rizzi"). ECF No. [30]. Specifically, the Court granted Plaintiff's request that it be discharged from all further liability as to Rizzi for any and all claims for the Basic Life Insurance ("BLI") benefits resulting from Row Prewitt's ("Decedent") death. The Court denied the Motion to the extent that it requested the discharge of General Electric and the Plan from any further liability as to Rizzi based upon lack of authority. However, soon thereafter, the Plaintiff filed its motion to amend the judgment pursuant to Federal Rules of Civil Procedure 59 and 60, seeking to discharge the Plan from further liability as to any and all claims for the BLI benefits resulting from the Decedent's death. See ECF

1

No. [41].  On April 24, 2019, the Court amended the Default Judgment such that the GE Basic Life Insurance Plan (the "Plan") was discharged from all further liability as to Rizzi for any and all claims for the BLI benefits resulting from Decedent's death.  *See* ECF No. [56] at 4.  On June 26, 2019, the Court granted Defendant Nancy Prewitt's ("Prewitt") Motion for Default Judgment on her cross-claim against Rizzi.  ECF No. [65].  That same day, the Court entered a Default Final Judgment in favor of Prewitt and against Rizzi and directed the Clerk to close the case.  ECF No. [66] (the "Default Final Judgment").  The Court did not retain jurisdiction in the Default Final Judgment.

In the instant Motion, Plaintiff requests that the Court re-open this case to discharge Plaintiff and the Plan from further liability as to Prewitt.  Plaintiff also requests that the Court re-open the case to enjoin Prewitt from proceeding in the action Prewitt separately filed in Georgia against Plaintiff and the Plan involving the same benefits at issue here.  Prewitt counters, in part, that Plaintiff has not cited a statutory basis for reconsidering the Court's Order closing this case under Federal Rules of Civil Procedure 59 or 60.  The Court agrees with Prewitt on this point.

The Court, in the Default Final Judgment, closed this case and did not retain jurisdiction to alter or amend the Default Final Judgment.  Plaintiff's Motion does not provide a procedural mechanism by which the Court may re-open this case or amend the Default Final Judgment.  Moreover, it is improper for Plaintiff to raise for the first time in its Reply that it seeks reconsideration under Federal Rules of Civil Procedure Rule 59 or 60.  As such, the Motion is denied.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [67]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 30, 2019.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record