UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81402-BLOOM/Reinhart

METROPOLITAN LIFE INSURANCE
COMPANY,

    Plaintiff,

v.

NANCY PREWITT and GILDA RIZZI,

    Defendants.
_____/

# ORDER

**THIS CAUSE** is before the Court upon Plaintiff Metropolitan Life Insurance Company's ("Plaintiff") Renewed Motion to Re-open Case, Alternative Motion for Reconsideration of Denial of Motion to Re-open Case, and Incorporated Memorandum of Law, ECF No. [78], ("Motion"), filed on August 9, 2019. The Court has carefully reviewed the Motion, the opposing and supporting submissions, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

Familiarity with the background of this case is assumed. On February 25, 2019, the Court granted Plaintiff's Motion for Default Judgment against Defendant Gilda Rizzi ("Rizzi"). ECF No. [30]. Specifically, the Court granted Plaintiff's request that it be discharged from all further liability as to Rizzi for any and all claims for the Basic Life Insurance ("BLI") benefits resulting from Roy Prewitt's ("Decedent") death. However, the Court denied the Motion to the extent that it requested the discharge of General Electric and the Plan from any further liability as to Rizzi based upon the failure to allege irreparable harm. *See* ECF No. [30]. On Plaintiff's motion for reconsideration, on April 24, 2019, the Court amended the Default Judgment to reflect that the GE

1

Basic Life Insurance Plan ("Plan") was discharged from all further liability as to Rizzi for any and all claims for the BLI benefits resulting from Decedent's death. *See* ECF No. [56]. On June 26, 2019, the Court granted Defendant Nancy Prewitt's ("Prewitt") Motion for Default Judgment on her cross-claim against Rizzi. ECF No. [65]. That same day, the Court entered a Default Final Judgment in favor of Prewitt and against Rizzi and directed the Clerk to close the case. ECF No. [66] ("Default Final Judgment").

Plaintiff previously filed a motion to re-open this case for similar reasons as those set forth in the instant Motion, ECF No. [67], which the Court denied on procedural grounds, ECF No. [76]. Plaintiff's instant Motion renews its request that the Court re-open this case pursuant to Federal Rules of Civil Procedure 59 or 60 because the Default Final Judgment closed the case but did not resolve the remaining claim and counterclaim between Plaintiff and Prewitt. ECF No. [78]. Prewitt counters that Plaintiff has not cited any statutory basis for re-opening this case under Federal Rules of Civil Procedure 59 or 60, nor has it provided any basis for equitable relief. ECF No. [82].

As an initial matter, Rule 59 is inapplicable here because the instant Motion was filed more than twenty-eight days after this Court entered the Default Final Judgment. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed *no later than 28 days* after the entry of the *judgment*." (emphasis added)). As such, the Court only examines the Motion's merits pursuant to Rule 60.

Rule 60(a) allows the Court to correct "a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Defendant accordingly requests that this Court re-open the case to correct the mistaken direction in the Default Final Judgment instructing the Clerk of Court to close the case, when Plaintiff's claim against Prewitt and Prewitt's corresponding counterclaim remained unresolved. ECF No.

[78] at 3. The Court agrees that the Default Final Judgment erroneously ordered that the case be closed, despite the existence of live, unresolved claims and counterclaims between Plaintiff and Prewitt. *See, e.g.*, ECF No. [21] at 3-10.[1] As such, Plaintiff's request to re-open this case pursuant to Rule 60(a) is granted, and the case will be re-opened to allow the parties to continue to litigate their remaining claims against one another.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [78]**, is **GRANTED in part and DENIED in part**.
2. The Clerk of Court shall **RE-OPEN** the above-styled case.
3. The parties are directed to file a Joint Status Report, **no later than September 13, 2019**, advising the Court on what issues remain pending between Plaintiff and Prewitt in this action. Failure to do so will result in the appropriate sanctions.
4. The Court will issue a separate order modifying the remaining trial and pre-trial deadlines originally set forth in ECF No. [36].
5. The alternative request for reconsideration in Plaintiff's Motion, **ECF No. [78]**, is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 6, 2019.

                                                          **BETH BLOOM**
                                                        **UNITED STATES DISTRICT JUDGE**

Copies to:

---

[1] Prewitt contends that, by moving for a default judgment against Rizzo that declares Prewitt's sole entitlement to the BLI benefits "without waiver of her other claims," ECF No. [62] at 7, she effectively withdrew her counterclaim against Plaintiff, ECF No. [82] at 4. The Court disagrees. By explicitly refusing to waive her other claims — which notably include her counterclaim against Plaintiff — Prewitt reaffirmed the fact that her counterclaim was still a live issue to be resolved in this case.

Counsel of Record